Honorable Gibson D. Lewis Committee on Intergovernmental Affairs House of Representatives Austin, Texas 76111
Re: Election of chairman of the Texas Historical Commission.
Dear Representative Lewis:
You have requested our opinion regarding the election of a chairman of the Texas Historical Commission. Article 6145, V.T.C.S., provides, in section 3:
 The Commission shall hold regular meetings in January, April, July, and October of each year. On the first scheduled meeting after the effective date of this Act, the Commission shall select a chairman, vice-chairman, and secretary from its members, who shall serve until the January 1975 meeting and thereafter the Commission shall select a chairman, vice-chairman, and secretary from its membership at each January meeting in odd numbered years. The Commission may hold such other meetings at such other times and places as shall be scheduled by it in formal sessions and as shall be called by the chairman of the Commission. The Commission shall have authority to promulgate such rules and regulations as it shall deem proper for the effective administration of the provisions of this Act.
You state that the chairman selected in January, 1977, died shortly thereafter. The vice-chairman then became acting chairman, but the Commission subsequently held a special election to fill the vacancy, and selected another individual as chairman. You ask whether it was authorized to do so.
Although it is specifically empowered to select officers only in January of odd-numbered years, article 6145 also authorizes the Commission `to promulgate such rules and regulations as it shall deem proper for the effective administration of the provisions of this Act.' In Attorney General Opinion H-955 (1977) at 4, we held that, `absent legislative direction,' the Texas Youth Council could `reduce the term of its chairman, and . . . restrict the number of successive terms an individual may serve as chairman.' (Emphasis in original). Article 6145 likewise does not address the question of vacancies among officers. In our opinion, the absence of legislative direction regarding this contingency, when considered together with the rule-making power of the Commission, furnishes sufficient basis for the Commission to promulgate a regulation providing for a special election to fill the unexpired term of an officer.
In our view, such a rule may be made applicable to the term of the present chairman. Attorney General Opinion H-955 (1977). In the absence of such a rule, however, we believe that the vice-chairman should continue to serve as acting chairman.
 SUMMARY
The Texas Historical Commission may promulgate a rule providing for a special election to fill a vacancy in the office of chairman, and may make it applicable to the term of the present chairman. In the absence of such a rule, the vice-chairman should serve as acting chairman.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee